OLIVER LAMBE et al. v. H. M. LOVE et al.

*Appeal—Roads.*

1. An appeal lies from the action of the Board of County Commissioners confirming the report of a jury laying out a road, notwithstanding there was no appeal from the original order allowing the road and appointing a jury to locate it.
2. An appeal from a refusal to dismiss, before final judgment, is premature.

This was a PETITION to have a public road and ferry established, heard before *McIver, J.*, at Spring Term, 1891, of CHATHAM Superior Court.

The prayer of the petitioner was allowed. The jury laid out the road, assessed damages and made their report to the County Commissioners, who confirmed the same. Thereupon the respondents appealed to the Superior Court. In the latter Court the appellants (petitioners) moved to dismiss the appeal, "upon the ground that the defendants (respondents) should have appealed from the order of the Commissioners establishing the public road, fixing the termini and directing the Sheriff to summon a jury of freeholders to lay off said road, and that the defendant could not appeal from the order confirming the report of the jurors." The Court denied the motion, and the petitioners, having excepted, appealed.

*Messrs. John Manning* and *J. S. Manning*, for plaintiffs.
*Mr. T. B. Womack*, for defendants.

MERRIMON, C. J.: It may be that the respondent was satisfied with the order of the County Commissioners directing the laying out of the public road, and he did not desire to appeal from such order, but he may have been dissatisfied for good cause with the action of the jury in some material

109 — 20

respect, and that of the County Commissioners in confirming their report. The jury may not have been a lawful one; they may have proceeded improperly in the execution of the order, or in assessing damages to the prejudice of the respondent. If so, and their report was improperly confirmed, he had the right to appeal, and it was the duty of the Superior Court to hear and determine the matter according to law. What we have said is in no sense in conflict with what is said and decided in *McDowell* v. *Insane Asylum*, 101 N. C., 656. It may, and frequently does, happen that the principal, and in a legal sense, final, judgment or order in an action or proceeding is erroneously executed. In such case the complaining party has the right to appeal, certainly when and as soon as the execution of the order or judgment is completed and acted upon by the Court. The Court, therefore, properly denied the motion.

Moreover, an appeal did not lie from the denial of a motion to dismiss the appeal. The appellants should have assigned error in the record to be considered on appeal from the final judgment. *Wilson* v. *Lineberger*, 82 N. C., 412; *Railroad* v. *Richardson, Id.*, 343; *West* v. *Reynolds*, 94 N. C., 333; *Davis* v. *Ely*, 100 N. C., 283; *State* v. *Warren, Id.*, 489.

Judgment affirmed.