## GODWIN v. TELEPHONE CO.

(Filed October 18, 1904).

1. PLEADINGS—*Verification—Officers—The Code, sec. 258—Acts 1901, sec. 610.*

    A managing or local agent of a corporation may verify its pleadings.

2. TELEPHONES—*Mandamus.*

    A prostitute and keeper of a bawdy-house cannot by *mandamus* compel the installation of a telephone in such house.

ACTION by Jane Godwin against the Carolina Telephone and Telegraph Company, heard by *Judge G. S. Ferguson,* at March Term, 1904, of the Superior Court of LENOIR County. From a judgment for the defendant the plaintiff appealed.

*Dortch & Barham* and *Loftin, Mitchell & Varser,* for the plaintiff.

*Wooten & Wooten,* for the defendant.

CLARK, C. J. The exception to the verification of the amendment to the answer is without merit. Since *Phifer v. Ins. Co.,* 123 N. C., 410, the General Assembly has amended section 258 of The Code by providing (Acts 1901, ch. 610) that when a corporation is a party the verification of any pleading may be made by a "managing or local agent thereof," as well as by an officer who alone, formerly, was authorized to make verification in such cases.

This is an application for a *mandamus* to compel the defendant to put a telephone with necessary fixtures and appliances in the dwelling-house of the plaintiff in the town of Kinston, and admit her to all the privileges accorded to other

subscribers to the telephone exchange operated by the defendant in said town. It was admitted by the plaintiff that "she is a prostitute and keeps a bawdy-house within the corporate limits of the town of Kinston and desires to have said telephone put in said bawdy-house." The Court being of opinion that the plaintiff was not entitled to a *madamus* for such purpose, the plaintiff took a nonsuit and appealed.

There was no error. A *mandamus* lies to compel a telephone company to place telephones and furnish telephonic facilities without discrimination for those who will pay for the same and abide the reasonable regulations of the company. This is well settled. *State v. Telephone Co.,* 52 Am. Rep., 404; 27 Am. & Eng. Ency. (2 Ed.), 1022; 19 *Ibid.,* 877; Joyce on Electric Law, sec. 1036, and numerous cases cited by all these. In *Telegraph Co. v. Telephone Co.,* 61 Vt., 241, 5 L. R. A., 15 Am. St. Rep., 893, S. C., 3 Am. Elec. Cases, at p. 435, it is said: "A telephonic system is simply for the transmission of intelligence and news. It is perhaps, in a limited sense, and yet in a strict sense, a common carrier. It must be equal in its dealing with all." That case cited many authorities, which are indeed uniform, that the telephone business, like all other services fixed with public use, must be operated without discrimination, affording "equal rights to all, special privileges to none." "Telephones are public vehicles of intelligence, and they who own or control them can no more refuse to perform impartially the functions that they have assumed to discharge, than a railway company, as a common carrier, can rightfully refuse to perform its duty to the public," is said in *Telephone Co. v. Telegraph Co.,* 66 Md., 399, at p. 414, 59 Am. Rep., 167, which is another very instructive and well-reasoned case upon the same subject. Telephone companies are placed by our Corporation Act on the same footing, as to public uses, as railroads and telegraphs, and the Corporation Commission is

authorized to regulate their charges and assess their property for taxation.

But while it is true there can be no discrimination where the business is lawful, no one can be compelled, or is justified, to aid in unlawful undertakings. A telegraph company should refuse to send libellous or obscene messages, or those which clearly indicate the furtherance of an illegal act, or the perpetration of some crime. But recently in New York the telephone and telegraph instruments were taken out of "pool rooms" which were used for the purpose of selling bets on horse races. "Keeping a bawdy-house" was an indictable offense at common law and is still so in this State. *State v. Calley,* 104 N. C., 858, 17 Am. St. Rep., 704; *State v. Webber,* 107 N. C., 962, 22 Am. St. Rep., 920. One who leases a house for the purpose of its being kept as a bawdy-house or with the knowledge that it will be used for that purpose, is indictable. 9 A. & E. Ency. (2 Ed.), 527. A *mandamus* will never issue to compel a respondent to aid in acts which are unlawful *Weidwald v. Dodson,* 95 Cal., 450; *Gruner v. Moore,* 6 Colo., 526; *Chicot v. Kruse,* 47 Ark., 80; *People v. Park,* 117 Ill., 462.

It is argued that a common carrier would not be authorized to refuse to convey the plaintiff because she keeps a bawdy-house. Nor is the defendant refusing her a telephone on that ground, but because she wishes to place the telephone in a bawdy-house. A common carrier could not be compelled to haul a car used for such purpose. If the plaintiff wished to have the phone placed in some other house used by her, or even in a house where she resided but not kept as a bawdy-house, she would not be debarred because she kept another house for such unlawful and disreputable purpose It is not her character but the character of the business at the house where it is sought to have the telephone placed which required the Court to refuse the *mandamus.* In like manner, if

a common carrier knew that passage was sought by persons who are traveling for the execution of an indictable offense, or a telegraph company that a message was tendered for a like purpose, both would be justified in refusing, and certainly when the plaintiff admits that she is carrying on a criminal business in the house where she seeks to have the telephone placed, the Court will not by its *mandamus* require that facilities of a public nature be furnished to a house used for that business. For like reason a *mandamus* will not lie to compel a water company to furnish water, or a light company to supply light to a house used for carrying on an illegal business. The courts will enjoin or abate, not aid, a public nuisance.

The further consideration of this matter is not required on this application for a *mandamus,* but should be upon an indictment and trial of the plaintiff for the violation of law so brazenly avowed by her.

No Error.