(173 App. Div. 132)

PEOPLE ex rel. RESTMEYER v. NEW YORK TELEPHONE CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. MANDAMUS ⬧164(4)—RETURN—CONCLUSIVENESS.

The undenied allegations of the return on mandamus must be deemed to be admitted.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 355; Dec. Dig. ⬧164(4).]

2. TELEGRAPHS AND TELEPHONES ⬧28—DUTY TO FURNISH SERVICE—ILLEGAL USES.

As a general rule a public telephone company is bound to furnish telephone service to all who pay its proper charges and obey its reasonable regulations, but it cannot be required to furnish service to subscribers for use in illegal purposes.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 16, 17; Dec. Dig. ⬧28.]

3. TELEGRAPHS AND TELEPHONES ⬧28—DUTY TO FURNISH SERVICE—ILLEGAL PURPOSES.

Where a subscriber uses his telephone to receive and register bets on horse races, in violation of section 986 of the Penal Law (Consol. Laws, c. 40), a telephone company has the right to discontinue his service.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 16, 17; Dec. Dig. ⬧28.]

Appeal from Special Term, New York County.

Mandamus on the relation of William Restmeyer against the New York Telephone Company. From an order granting a motion for a peremptory writ, the defendant appeals. Reversed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

---

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John F. O'Brien, of New York City, for appellant.
James M. Vincent, of New York City, for respondent.

DAVIS, J. This is an appeal from an order directing the issuance of a peremptory writ of mandamus commanding the New York Telephone Company to place one of its telephone instruments, fully equipped for use, in the relator's premises No. 224 Washington street, New York City, and to allow the relator the customary use thereof upon payment of the usual charges and compliance with the rules and regulations of the company.

The relator is engaged in the liquor business at 224 Washington street. On January 28, 1916, the telephone company removed the telephone from his saloon upon a complaint of the police authorities that the premises and telephone were being used by the relator in conducting a pool room for receiving and registering bets on horse racing. Thereupon the relator obtained an order to show cause why a peremptory writ of mandamus should not be issued requiring the telephone company to restore the telephone service thus interrupted. On the return of the order to show cause the telephone company, in opposition to the granting of the motion for the writ, submitted the affidavits of two police officers, Beine and Canfield, and the affidavit of William F. Kennedy, a special agent of the telephone company.

[1] The only paper submitted in behalf of the relator was the petition for the writ, signed and verified, not by the relator, but by his attorney. It should be said also that, as none of the allegations of fact contained in the opposing affidavits are denied in this record, they must be deemed to be admitted. It is clearly shown from the affidavits of the police officers that the relator, on various days between November 1 and November 18, 1915, in his saloon at 224 Washington street, received and registered bets on horse races and used his telephone in connection therewith, in violation of section 986 of the Penal Law.

[2] The affidavit of Officer Beine is quite circumstantial in describing the betting transactions carried on by the relator, and leaves no room for doubt that the relator was persistently violating the law against pool selling and using his telephone as an important factor in that illegal business. Beine is corroborated in every particular by Officer Canfield. In view of these facts the police were justified in regarding the relator's place as an unlawful resort, and their request to the telephone company to discontinue the telephone service therein was entirely proper and in the interest of law and order. It is certainly not an unlawful or oppressive use of police power to interrupt telephone service by arrangement between the police and the telephone company in a case where the telephone is being used, as it was in this case, to carry on a criminal business. Speaking generally, the telephone company is bound to furnish service to all who pay its proper charges and obey its reasonable regulations, but it is not required to furnish such service to those who are reasonably sure to use it for an illegal purpose.

[3] Furthermore, the petition on this application is quite barren of facts sufficient to support the writ. In the first place, it is not made by

the relator, but by his attorney. There is no word from the relator, or from his attorney in his behalf, as to whether or not he had used the telephone for illegal purposes as alleged by officers Beine and Canfield. The only statement which might have a bearing on this point, is the attorney's allegation in his petition that he represented the relator in a criminal action brought against him by the police authorities for violation of section 986 of the Penal Law in accepting from officer Beine a bet on a horse race, and that on December 30, 1915, after a hearing, the relator was discharged, and that in that hearing no reference was made to the use of a telephone. There is nothing in the record to show which, if any, of the many violations of law alleged by Beine was examined before the magistrate; and, if there were, the fact that relator was discharged by the magistrate does not of itself prove the falsity of the charge, nor does the failure to sustain one charge relieve the relator from the burden of the others made by Officer Beine. In short, the fact which stands out most prominently in this record is the relator's disposition to violate this particular law, unmitigated by repentance or promises of reform on his part.

We think the telephone company was well within its right in refusing to furnish its telephone service to this relator in view of his former and recent illegal use of the telephone, and that the writ, in the exercise of a sound discretion, should not have been issued.

The order directing the issuance of the peremptory writ of mandamus is reversed, with $10 costs and disbursements, and the motion denied, with $50 costs. All concur.