CLARK, C. J., concurring.
BROWN, J., concurring, in which opinion the other justices concur.
This is an action for a mandamus to compel the defendants, owners of a telephone line, to install a telephone.
The facts are set out in the judgment rendered, which is as follows:
This cause coming on to be heard before the undersigned judge of the Superior Court, at chambers, and being heard, and it appearing that the plaintiff, more than ten days before the return date of the summons, caused summons to be served with a copy of his complaint on the defendant, and that on the return date the parties appeared, and the defendant demurred to the plaintiff's complaint, which demurrer was overruled and defendant excepted, and the defendant filed answer; and that upon the pleadings the parties joined issue, which was heard upon the proofs of the parties, no jury trial being demanded, upon considering the proofs offered and the arguments of counsel, the court finds the facts to be:
1. That the plaintiff is engaged in business in Lee County, and is a resident thereof, and that the defendant is a resident of Chatham County.
2. That the defendant, at and before the commencement of this action, was, and now is, engaged in furnishing telephone (299) service to the public generally, with a central office located at Moncure, N.C. with lines extending from this point to Pittsboro, Merry Oaks, Osgood, and by the plaintiff's place of business at Lockville to Sanford; and the defendant has established regular tariffs for residence and business service, and for toll messages over his and connecting lines.
3. That prior to 20 May, 1917, the defendant furnished such service to the plaintiff at regular rates.
4. That on said date the defendant discontinued said service.
5. That said service was not discontinued by reason of any improper use of said `phone by the plaintiff, or by reason of any failure of plaintiff to observe any rule or regulation established by the defendant for the conduct of his telephone business.
6. That prior to the institution of this action the plaintiff tendered to the defendant all rents due, and the regular rental for one *Page 322 
month in advance for a business 'phone, and demanded that the defendant render him service without discrimination and under the same rules and regulations service is furnished to other patrons of the defendant.
7. That the defendant refused, and still refuses, to furnish said service to the plaintiff.
Upon the foregoing facts the court doth adjudge: That the refusal of the defendant to furnish service to the plaintiff on the same terms and under the same conditions it is furnished to the general public is a discrimination against the plaintiff by the defendant; that said defendant is hereby directed and commanded, on or before 1 August, 1917, to install a telephone instrument in the plaintiff's premises and to connect the same with the telephone system operated by the defendant, and on and after date to furnish to the plaintiff service without discrimination upon the same terms and conditions that service is furnished to the public generally.
It is further ordered that the defendant pay the costs of this action, to be taxed by the clerk.
O. H. ALLEN,
Judge Presiding.
The defendants excepted and appealed, upon the ground that telephone companies being subject to the control and regulation of the Corporation Commission, the courts have no jurisdiction of the action.
The error in the position of the defendants is in failing to distinguish between the regulation and control of telephone companies, which, as to individuals and corporations, are (300) committed by statute to the Corporation Commission (Rev. sec. 1096, chap. 966, Laws 1907), whether exclusively so or not we need not say, and the refusal to perform a duty to the plaintiff, arising upon the facts that are established.
If the duty exists upon the facts found, there is nothing for the Corporation Commission to hear and investigate, and it only remains for the courts to compel performance of the duty.
The question was considered in Godwin v. Telephone Co., 136 N.C. 259, prior to the amendment of 1907, it is true, but when, as said in the opinion, telephone companies were placed by the Corporation Commission Act "on the same footing as to public uses as railroads," and it was then held that telephone companies, serving the public, must discharge their duties impartially and without *Page 323 
discrimination, and that the writ of mandamus issued by the courts was the proper remedy to enforce the performance of the duty.
The Court declares the doctrine as follows: "A mandamus lies to compel a telephone company to place telephones and furnish telephonic facilities without discrimination for those who will pay for the same and abide the reasonable regulations of the company. This is well settled. S. v.Telephone Co., 52 Am. Rep. 404; Am. and Eng. Ency. (2d Ed.) 1022; 19 ib. 877; Joyce on Electric Law, sec. 1036, and numerous cases cited by all these. In Telegraph Co. v. Telephone Co., 61 Vt. 241, 5 L.R.A., 15 Am. St. Rep. 893; S. c., 3 Am. Elec. Cases, at p. 435, it is said: `A telephonic system is simply for the transmission of intelligence and news. It is, perhaps, in a limited sense, and yet in a strict sense, a common carrier. It must be equal in its dealings with all.' That case cited many authorities, which are, indeed, uniform, that the telephone business, like all other services fixed with public use, must be operated without discrimination, affording (equal rights to all, special privileges to none). "Telephones are public vehicles of intelligence, and they who own or control them can no more refuse to perform impartially the functions that they have assumed to discharge than a railway company, as a common carrier, can rightfully refuse to perform its duty to the public,' is said inTelephone Co. v. Telegraph Co., 66 Md. 399, at p. 414; 59 Am. Rep. 167, which is another very instructive and well-reasoned case upon the same subject. Telephone companies are placed by our Corporation Act on the same footing, as to public uses, as railroads and telegraphs."
This case was approved in Telephone Co. v. Telephone Co., 159 N.C. 16, decided after the amendments of 1907, and the jurisdiction to enforce performance of a duty by mandamus was recognized and exercised.
The Court says, in the latter case, of the duty and the remedy: "It is very generally recognized that a telephone company acting under a quasi public franchise, is properly classified among the public-service corporations, and as such is subject to (301) public regulation and reasonable control, and is required to afford its service at uniform and reasonable rates and without discrimination among its subscribers and patrons for like service under the same or substantially similar conditions. Godwin v. TelephoneCo., 136 N.C. 258. . . . In regard to the form of remedy available where, as in this State, the same court is vested with both legal and equitable jurisdiction, there is very little difference in its practical results between proceedings in mandamus and by mandatory injunction, the former being permissible when the action is to *Page 324 
enforce performance of duties existent for the benefit of the public, and the latter being confined usually to causes of an equitable nature and in the enforcement of rights which solely concern individuals. High on Injunctions (4th Ed.), sec. 2. Owing to the public interests involved, in controversies of this character, it is generally held that mandamus may be properly resorted to. Godwin v. Telephone Co., supra; Commercial Union v.Telephone Co., supra; Mahan v. Telephone Co., 132 Md. 242; Yancy v.Telephone Co., 81 Ark. 486."
These authorities are decisive against the defendants.
Affirmed.