LAWRENCE J. WILLINGER, RAYMOND M. WIL-
LINGER, LEO M. WILLINGER, ALOYSIUS J. WIL-
LINGER, GILES G. WILLINGER, TERESA M. WIL-
LINGER (GUARDIAN OF GILES G. WILLINGER), AND
ELIZABETH H. DAILY,

*vs.*

THE GERMAN BANK OF BALTIMORE CITY ET AL.

*Administrators: functions of—; not the carrying on of the
decedent's business; receivers.*

In general, carrying on the business left by the decedent is
beyond the functions of the administrators.              p. 241

Where administrators have obtained leave to carry on the
business, and later a receivership was applied for, equity has
no authority to remove the administrator. The power of a
court of equity to appoint receivers where the property is
already in the hands of administrators is fully established,
although the power is to be exercised with caution and not
upon light grounds.                                      p. 242

*Decided January 23rd, 1918.*

Appeal from Circuit Court No. 2 of Baltimore City.
(BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, STOCKBRIDGE and CONSTABLE, JJ.

*Edwin T. Dickerson,* for the appellants.

*Ralph Robinson* (with whom was *B. Bayly Chapman,* on the brief), for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

It appears from the papers filed in this cause that Louis J. Willinger, prior to his death in July, 1912, was engaged in the coal and wood business; that at the time of his death he was indebted to the German Bank of Baltimore City in the amount of $19,500; that by the terms of the last will and testament of the said Willinger he devised and bequeathed all of his estate to his widow, who had predeceased him after the making of his said will; that he left surviving him nine children, to two of whom, Thomas S. Willinger and Teresa M. Willinger, letters of administration *c. t. a.* were granted on his estate; that said administrators were unable to pay the said indebtedness to the German Bank of Baltimore City out of the personal estate in their hands, and applied to the said bank for renewals of the notes evidencing the indebtedness. The request was refused by the said bank. That, thereupon, with the exception of Giles C. Willinger, an infant, all of the children, including the administrators, entered into an agreement in November, 1912, whereby Thomas S. Willinger and Teresa M. Willinger were authorized, whether acting as individuals or administrators as aforesaid, to continue the said coal and wood business as theretofore conducted by the said decedent, for the joint benefit and account of all the children; that the request for the extension of said loans for the account of all of the said parties to the agreement was repeated, and upon the strength of said agreement and application said renewals were made.

On the 22nd day of December, 1916, the administrators aforesaid filed a petition in Circuit Court No. 2 of Baltimore City, by which it appears that the estate which they were administering and conducting under the agreement we have

above mentioned was in financial distress, and asked, because of that distress, that the Court assume jurisdiction of the further administration of the estate, and further praying that they might be authorized to continue the business for a limited time. The Court passed an order assuming jurisdiction, and authorized the petitioners to continue the business of the said decedent for a period of thirty days.

After the expiration of the thirty days limited by the Court for a continuation of the business of Louis J. Willinger, the German Bank of Baltimore City filed its bill of complaint, setting out therein most of the facts we have set out above, including in its allegations that the administrators were unable to pay the indebtedness due them out of the personal estate in their hands, and the application for renewal of notes and its refusal and its subsequent granting of the request for renewal; and further alleged:

> "That from time to time after said renewal had been made other loans were made to the said respondents herein * * * until the indebtedness to your orator aggregated the sum of $16,750.00, which said amount is now due to it by the said respondents herein, and by the estate of the said decedent as to $14,500.00 thereof. And your Orator is advised and avers that, under and by virtue of said agreement, the parties thereto, together with said administrators, are indebted to them as co-partners in the aforesaid sum of $16,750.00."

That judgments were about to be entered in suits to which no defenses were offered, and that the plaintiffs therein were only prevented from securing such judgments by the intervention of a court of equity restraining them from so securing. That other creditors were about to institute proceedings against them unless indebtedness due to them is promptly liquidated. That the respondents are indebted in an amount approximating $46,000.00, of which amount the respondents have, in cash, less than $1,000.00; and that the personal estate of the decedent is wholly inadequate to meet the debts

against the administrators; and that it is necessary that the real estate of the decedent should be sold in order to pay said debts. That unless receivers be appointed to take charge of the assets left by the said decedent a great loss will be made in the course of the next few months in an attempt to fulfill contracts which have been taken at a loss, and that the assets of the estate will be considerably diminished, and to a very large extent lost; and that creditors who have already instituted suits on their claims, and those who may subsequently institute suits, will obtain judgments and execute upon the property of the respondents and sell the same and cause needless sacrifice of the assets of the estate. That the injunctions granted upon the petition of the administrators only protected the personal, and not real, property left by the decedent, from execution and sale. And prayed that receivers be appointed to take charge of the stock, real and personal property left by the decedent, and that the business might be wound up and liquidated and said property sold under its jurisdiction.

The Court passed an order appointing three receivers, of whom one of the administrators was one, with "power and authority to said receivers to take charge and possession of the goods, wares, merchandise, books, papers and effects of or belonging to Louis J. Willinger at the time of his death, together with all accretions and additions thereto, and of or belonging to the respondents, and by them had or used, or of and for their account had or used by the administrators of the decedent in the conduct of the business left by the decedent."

The Court passed an order consolidating the two cases— that is, the one arising upon the petition of the administrators praying the Court to assume jurisdiction of the estate, and the one arising on the bill of the German Bank of Baltimore City.

The respondents demurred to the bill, and upon the demurrer being overruled this appeal was taken by all except the administrators.

One of the contentions of the appellants is that the Court of Equity had full power, under the petition of the administrators, to superintend the administration of the personal estate of the decedent and to protect the rights of all creditors and that the suit of the appellee was unnecessary and vexatious. The procedure adopted by the administrators in the management of the estate certainly furnishes an answer to the charge that the suit of the appellee is unnecessary and vexatious. Instead of following the rules of law providing for the speedy settlement of estates, the administrators chose, upon their own and the next of kin's responsibility, to continue the business for a period of over four years. As a result of adopting this policy, they were forced to apply to a Court of Equity to protect the estate from just claims of numerous creditors, whom they were unable financially to satisfy. The bill of complaint expressly charges that the administrators, at the beginning of this administration, were unable to pay the indebtedness of the decedent out of the personal estate, and therefore sought to make the real estate liable. The administrators by their petition sought the jurisdiction of the Court as to the personal estate only, and were allowed thirty days in which to continue the business. That carrying on of a business by administrators is clearly beyond the functions of their office (18 *Cyc.* 240), and it was, according to the allegations of the petition, a timely interference upon the part of the Court in assuming jurisdiction for the protection of the estate. *Safe Deposit Co.* v. *Baker,* 91 Md. 297; *Story's Eq. Juris.,* sec. 544.

The bill did not ask the removal of the administrators, for, under all the authorities, this could not be done by a Court of Equity; but the purpose of the appellee was merely to take the assets of the estate, already in its jurisdiction, out of the hands of administrators, who had confessedly committed waste of the estate, and were about to further devastate, if not destroy, it, and confide it to receivers, under the control of the Court, together with the real estate to which

the defendants were heirs, and to subject the whole to the payment of the debts to which the estate of the decedent was liable, as well as the debts which were incurred by the conduct of the business carried on jointly by the administrators jointly with the distributees and heirs at law. *Bolles* v. *Bolles,* 44 N. J. Eq. 385; *High on Receivers* (4th Ed.), par. 724; *Pomeroy's Eq. Jur.* 1334, 2658.

The power of a Court of Equity to appoint receivers where the property is already in the hands of administrators is fully established by the authorities, although the power is to be exercised with caution and not on light grounds. *High on Receivers,* par. 706; 3 *Williams, Exec. & Admr.* 592; Lord Erskine, in *Middleton* v. *Dodswell,* 13 Vesey, 266; *Anonymous,* 12 Vesey, 5; *Havers* v. *Havers,* Barnard's Chancery Rep. 24; *Richards* v. *Perkins,* 3 Young & Collyer, 299; *West* v. *Mercer,* 130 Ga. 357, 360; *Jenkins* v. *Jenkins,* 1 Paige (N. Y.), 243; *Stith* v. *Jones,* 101 N. C. 360; *Kidd's Executors* v. *Bates,* 124 Ala. 670; *Bentley* v. *Dixon,* 60 N. J. Eq. 353, 359; *Liddel's Executors* v. *Starr,* 19 N. J. Eq., 159, 163; *Holbrook* v. *Campau,* 22 Mich. 288.

That the Court was justified in appointing receivers is clear, under the facts as alleged, and partly set out in this opinion.

We are of the opinion that the order overruling the demurrer was properly passed.

*Order affirmed, costs to be paid out of the estate.*