THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY HIEGEL, Relator, *v.* NEW YORK TELEPHONE COMPANY, Respondent.

Supreme Court, New York Special Term, June, 1922.

Telephones and telegraphs — mandamus — refusal of service at request of police — good faith and probable cause of complaint — use of telephone for receipt of gambling information — mandamus to restore service refused.

A refusal of telephone service at the request of the police department upon the ground that a charge of crime had been made in connection with the use of a telephone at the premises where it was installed, coupled with evidence that said charge was made in good faith and on probable cause, is a sufficient answer to a motion for a peremptory mandamus to compel the company to furnish telephone service.

Supreme Court, June, 1922.    [Vol. 119

Telephone service maintained under a contract with relator's husband at his apartment house by means of a switchboard located in a room adjacent to the main hallway and communicating with the several apartments, was discontinued at the request of the police department following the arrest of a number of persons, including relator's husband, who being taken in the act of using the switchboard for the receipt of gambling information were charged with a violation of section 973 of the Penal Law, but later were discharged. *Held,* that where upon an application for a peremptory mandamus to compel restoration of the telephone service the relator, though not one of those arrested, fails to assert ignorance of the activities of those who were, the application will be denied.

Application for a peremptory mandamus.

*Bleich & Werner (Leopold Bleich,* of counsel), for relator.

*Charles T. Russell,* for respondent.

*John P. O'Brien,* corporation counsel (*Walter C. Coughlan,* of counsel), for City of New York, intervenor.

Marsh, J.   This is an application for a peremptory mandamus to compel the respondent to furnish telephone service at an apartment house of which the relator is lessee.   The relator has no contract with the respondent but is an applicant for service. It appears that until recently telephone service, under a contract with relator's husband, was maintained at the premises by means of a switchboard located in a room adjacent to the main hallway, and communicating with the several apartments, but this service was discontinued at the request of the police department following the arrest of a number of persons, including the relator's husband, who were taken in the act of using the switchboard for the receipt of gambling information, and were thereupon charged with a violation of section 973 of the Penal Law, but were afterwards discharged in the Magistrate's Court.   The respondent, speaking generally, is under a duty as a public service corporation to furnish service to members of the public, but this duty is not absolute, and does not imply a right to its enforcement by peremptory mandamus under all circumstances.   *People ex rel. Wood* v. *Assessors,* 137 N. Y. 201.   It is subject to reasonable limitation, especially in the interest of public order and welfare.   The respondent has established a rule or practice of refusing telephone service at the request of the police department where a criminal charge has been made in connection with the use of such service at the same premises.   A refusal of service upon this ground, coupled with evidence that the charge is not made arbitrarily or on mere suspicion, but in good faith and on probable cause, has been consistently held to be a sufficient answer to an application for a peremptory mandamus.   *People ex rel. Restmeyer* v. *N. Y. Tel.*

*Co.*, 173 App. Div. 132; *Matter of Cullen* v. *N. Y. Tel. Co.*, 106 id. 250; *People ex rel. Gottsegen* v. *N. Y. Tel. Co.*, N. Y. L. J. April 19, 1916, Mullan, J.; *People ex rel. Sleight News Co.* v. *N. Y. Tel. Co.*, Id. Dec. 17, 1918, Erlanger, J. The present relator urges that she personally was not one of those arrested, but she fails to assert ignorance of the activities of those who were, and in view of the evidence it seems impossible that she could conscientiously do so. The police department cannot be forced in this proceeding to accept her bare promises for the future. The inconvenience to the tenants is regrettable, but the terms and conditions of their leases are not disclosed, so that it does not appear whether or not they are entitled to move. Application denied.

Ordered accordingly.