### TRACY et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO. et al.

### No. 194.

District Court, S. D. Florida, Jacksonville Division.

June 14, 1940.

Thomas N. Tappy, of Daytona Beach, Fla., for plaintiffs.

Scott M. Loftin and Harold B. Wahl, both of Jacksonville, Fla., for defendants.

STRUM, District Judge.

On May 7, 1940, the Attorney General of Florida and the State Attorney for the Seventh Judicial Circuit of Florida notified the defendant Telephone Company that the plaintiffs, who were telephone subscribers in Daytona Beach, Florida, were using telephone facilities furnished by the defendant Telephone Company in a business or enterprise being conducted by plaintiffs in the maintenance and furtherance of gambling houses, or the promotion of gambling, by the procuring and booking of unlawful wagers on horse races. Said Attorney General and State Attorney demanded that the telephone service of plaintiffs be discontinued.

Thereupon, in compliance with said notice, the defendant Telephone Company notified plaintiffs that it intended to discontinue said service on May 14, 1940. On that day, plaintiffs brought this suit in equity in a Florida state court, from whence it was here removed, seeking to enjoin the defendant Telephone Company from discontinuing its services to the plaintiffs. The state court judge issued a temporary restraining order without notice to the defendants, dissolution of which, and dismissal of the complaint, are here sought.

Plaintiffs, not denying the truth of the facts stated in the Attorney General's notice, concede that it constituted probable cause for the Telephone Company to believe that its services and facilities were being used by plaintiffs in furtherance of activities made unlawful by the statutes of Florida.

Although telephone companies, as public utilities, are required to furnish their facilities to the public indiscriminatively so long as such facilities are used for lawful purposes, it is well settled that a telephone company may refuse, and cannot be compelled, to furnish service which will be used, or which the Telephone Company

830

has reasonable cause to believe will be used, in furtherance of illegal enterprises. No one can be compelled to aid in an unlawful undertaking. The procuring and placing of wagers on horse races in the manner followed by the plaintiffs is unlawful in Florida. Plaintiffs cannot invoke the processes of a court of equity to restrain defendants from discontinuing a public service which the Telephone Company had probable cause or reasonable grounds to believe is being used in the maintenance and conduct of such illegal or immoral enterprise. Hamilton v. Western Union Tel. Co., D.C., 34 F.Supp. 928; People v. New York Telephone Co., 173 App.Div. 132, 159 N.Y.S. 369; Godwin v. Carolina Telephone & Telegraph Co., 136 N.C. 258, 48 S.E. 636, 67 L.R.A. 251, 103 Am.St.Rep. 941, 1 Ann.Cas. 203; Smith v. Western Union Tel. Co., 84 Ky. 664, 2 S.W. 483; Bryant v. Western Union Tel. Co., C.C., 17 F. 825.

Restraining order dissolved, and complaint dismissed.