In the Matter of DEES CIGARETTE & AUTOMATIC MUSIC CO., INC., Petitioner, against NEW YORK TELEPHONE COMPANY, Respondent.[*]

Supreme Court, Special Term, Richmond County, March 2, 1945.

*L. W. Widdecombe* for petitioner.

*Jordan R. Bassett* and *Ralph Brown* for respondent.

*Ignatius M. Wilkinson, Corporation Counsel (Harry Zamore* of counsel), for Police Commissioner of the City of New York.

NORTON, J.   Petitioner corporation moves for an order directing the respondent telephone company to install two tele-

[*] See, also, *Matter of Shillitani* v. *Valentine*, 184 Misc. 77, and *Matter of Manfredonio* v. *New York Telephone Co.*, 183 Misc. 770.— [REP.

phones in its place of business in premises 122 De Kalb Street, Concord, Staten Island. These premises have been leased by the petitioner for the past seven years, during all of which time the petitioner has conducted therein the business of buying, selling, renting, exchanging and installing automatic musical and cigarette vending machines. The business grosses $250,000 annually.

The respondent telephone company supplied the petitioner corporation with telephone service under contract with it, the service consisting of a switchboard containing three trunk lines and three extensions installed in the said premises 122 De Kalb Street, and assigned designations Gibraltar 7-7111, 7112, 7113.

On October 26, 1943, this service was interrupted by the police department who removed all of the telephone equipment from the petitioner's leased premises at the above address, presumably because of charges filed against John Delisio, then president of the petitioner, and Michael Delisio, managing agent.

The information filed in the Court of Special Sessions of the City of New York charged John Delisio with violations of section 986 of the Penal Law, and specifically alleged that John Delisio, then president of the petitioner corporation, engaged in pool-selling and book-making in violation of said statute in premises 120 and 122 De Kalb Street. Michael Delisio was charged with being the lessee and occupant of these premises and with knowingly permitting the recording of bets and wagers in violation of said section and permitting persons to be engaged in such violation in said premises, aiding and abetting the said John Delisio in said unlawful acts.

After a trial in said court, John Delisio, then president of petitioner corporation, was convicted of engaging in pool-selling and book-making over telephones located in premises 120 De Kalb Street, which telephones were not assigned to the petitioner corporation by the respondent telephone company nor installed in petitioner's place of business 122 De Kalb Street. John Delisio is no longer connected in any capacity with petitioner corporation.

Michael Delisio, managing agent of the petitioner corporation, was acquitted of the charge filed against him at the close of the People's case, the court finding there was no proof to sustain the charge against him nor any proof that any telephones assigned by the respondent to the petitioner corporation had been used for any unlawful purposes.

No charge whatever was made at any time against the petitioner corporation for such unlawful use of its telephones. The

record of the trial discloses that the deputy police inspector who ordered the removal of the petitioner's telephone service testified that he gave an order to rip down the switchboard in petitioner's premises in spite of the fact that there was not a single betting transaction overheard over the telephones of the petitioner.

On November 20, 1944, the petitioner applied to the respondent telephone company in writing for the installation of telephone service in its place of business, 122 De Kalb Street, and was thereafter advised that said application for telephone service would be denied because of the refusal of the Police Department of the City of New York to approve of the same.

The respondent telephone company urges in opposition to this application a practice or rule of the company to the effect that whenever a subscriber's telephone service is interrupted by the police, or whenever the police request termination of service upon an alleged violation of law, service will be terminated and not restored or new service furnished such subscriber until the police department has approved the application for such installation in such premises.

This practice and rule was applied by the respondent telephone company in the instant case, and attached to respondent's answer and marked Exhibit "A" is a communication directed to the respondent by the police department indicating that the department does not approve of petitioner's application *at this time*. The respondent relies upon the disapproval of the application by the police department for its refusal to install the telephone service requested by the petitioner corporation.

This rule of the telephone company is a salutary one, and was presumably adopted in the interest of co-operation with the police department in the suppression of crime. The rule has been approved in *People ex rel. Restmeyer* v. *N. Y. Telephone Co.* (173 App. Div. 132, 133–134). In that case the court said: " Speaking generally, the telephone company is bound to furnish service to all who pay its proper charges and obey its reasonable regulations, but it is not required to furnish such service to those who are reasonably sure to use it for an illegal purpose." In commenting upon the facts in that case, the court said: " In short, the fact which stands out most prominently in this record is the relator's disposition to violate this particular law unmitigated by repentance or promises of reform on his part.

" We think the telephone company was well within its right in refusing to furnish its telephone service to the relator in view

of his former and *recent* illegal use of the telephone ". (Italics supplied.)

This rule should be enforced only where there is reasonable probability or reasonable ground for believing that the service will be used for illegal purposes. Mere fears or suspicions unfounded in fact do not warrant its application.

The respondent telephone company takes the position that it cannot comply with the demand of the petitioner for the installation of telephone service without the approval of the Police Department of the City of New York which has been refused. In this situation the court, in the interest of justice and in order that the court might make a fair and proper final disposition of the matter, directed that the petitioner serve a copy of all papers on this application upon the Police Department of the City of New York, which is not a party herein, with a request that the police department appear herein and apprise the court of the reason for advising the respondent of their disapproval of the application. Pursuant to said request the police department duly appeared and submitted papers in opposition to the application. No factual reasons are given by the police department in the papers submitted which would justify its disapproval of petitioner's application. No reasonable grounds are alleged for believing that telephone service will be used for illegal purposes. The opinions stated therein are not substantiated by facts, nor do the papers indicate any reasonable probability of unlawful or illegal use of telephone service.

I am of the opinion that the action of the police department in advising respondent of its disapproval of this application is not reasonably warranted by the circumstances disclosed.

The application is, therefore, granted.